## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

GLENN SKIDMORE,                                :

                          Plaintiff,          :

               v.                                   :   Civil No. 14-CV-3238 (KMK)

                                       :

BANK OF AMERICA, N.A., A/K/A BAC HOME      :
LOANS, THE BANK OF NEW YORK, TRUSTEE,      :
CWALT ALTERNATIVE LOAN TRUST 2005-84,      :

                                       :

                    Defendants.       :

                                       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

**BLANK ROME LLP**
Karen N. Wilson-Robinson
Diana M. Eng
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5000
*Attorneys for Defendants Bank of
America, N.A., sued herein as Bank
of America, N.A. a/k/a BAC Home
Loans and The Bank of New York
Mellon f/k/a Bank of New York, as
Trustee for the Certificateholders
CWALT, Inc., Alternative Loan Trust
2005-84, Mortgage Pass-Through
Certificates, Series 2005-84, sued
herein as Bank of New York, Trustee,
CWALT Alternative Loan Trust
2005-84*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................1

STATEMENT OF FACTS AND PROCEDURAL HISTORY.......................................................3

LEGAL ARGUMENT.............................................................................................................6

I.    STANDARD FOR MOTION TO DISMISS.......................................................................6

II.   THE *ROOKER-FELDMAN* DOCTRINE BARS BORROWER'S ACTION
      BECAUSE THE TRUSTEE SECURED A FINAL FORECLOSURE
      JUDGMENT AGAINST BORROWER IN STATE COURT............................................7

III.  BORROWER'S FEDERAL COMPLAINT SHOULD BE DISMISSED
      BASED ON THE PRIOR PENDING ACTION DOCTRINE ..........................................10

IV.   *RES JUDICATA* BARS THE COMPLAINT BECAUSE THE TRUSTEE
      SECURED A FINAL FORECLOSURE JUDGMENT AGAINST
      BORROWER IN STATE COURT...................................................................................12

V.    COLLATERAL ESTOPPEL ALSO BARS THE BORROWER'S
      COMPLAINT ...............................................................................................................14

VI.   THE COMPLAINT SHOULD BE DISMISSED AS IT FAILS TO STATE
      A CLAIM......................................................................................................................16

      A.    Borrower Lacks Standing to Challenge the Transfer of the Note and
            Mortgage to the Trust...........................................................................................17

      B.    Borrower's Purported Affirmative Claims to Challenge Defendants'
            Standing Are Not Legally Cognizable....................................................................18

      C.    Borrower's Claims Are Moot Because He Has Redeemed the Property...............20

VII.  BORROWER LACKS STANDING TO BRING CLAIMS AGAINST
      BONY IN ANY CAPACITY OTHER THAN ITS TRUSTEE CAPACITY ..................20

VIII. OTHER COURTS IN THIS DISTRICT HAVE CONSISTENTLY
      DISMISSED SIMILAR ACTIONS BY BORROWER'S COUNSEL .............................21

CONCLUSION.....................................................................................................................23

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Acito v. IMCERA Grp., Inc.*,
47 F.3d 47 (2d Cir. 1995)..................................................................................................16

*Adam v. Jacobs*,
950 F.2d 89 (2d Cir. 1991)..................................................................................................11

*Anctil v. Ally Financial Inc.*,
---F. Supp. 2d ---, No.12-cv-8572 (CS), 2014 WL 516686
(S.D.N.Y. Feb. 10, 2014)..................................................................................................6, 7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..................................................................................................6, 16, 17

*Barberan v. Nationpoint*,
706 F. Supp. 2d 408 (S.D.N.Y. 2010)..................................................................................18, 19

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)..................................................6, 16

*Board of Managers of 195 Hudson Street Condominiums v. Brown*,
652 F. Supp. 2d 463 (S.D.N.Y. 2009)..................................................................................13

*Briscoe v. Deutsche Bank Nat'l Trust Co.*,
No. 08-cv-279, 2008 WL 4852977 (N.D. Ill. Nov. 7, 2008)..................................................21

*Castellano v. JPMorgan Chase Bank, N.A.*,
No. 13-CV-03390 (NSR), 2014 WL 988563 (S.D.N.Y. Mar. 13, 2014)..................................8

*City of Cincinnati v. Deutsche Bank Nat'l Trust Co.*,
897 F. Supp. 2d 633 (S.D. Ohio 2012)..................................................................................21

*Cohen v. Avanade, Inc.*,
874 F. Supp. 2d 315 (S.D.N.Y. 2012)..................................................................................17

*Curtis v. Citibank, N.A.*,
226 F.3d 133 (2d Cir. 2000)..................................................................................................11

*Dorrance v. Lee*,
90 Haw. 143, 976 P.2d 904 (1999)..................................................................................14

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
544 U.S. 280 (2005)..................................................................................................7

143262.00620/7460376v.1

*First City Nat'l Bank and Trust Co. v. Simmons*,
    878 F.2d 76 (2d Cir. 1989)......................................................................................................11

*Gunn v. Ambac Assur. Corp.*,
    No. 11 CIV. 5497 PAC JLC, 2012 WL 3188849 (S.D.N.Y. Aug. 6, 2012).............................9

*Gyadu v. Hartford Ins. Co.*,
    No. 97-7720, 1998 U.S. App. LEXIS 1230 (2d Cir. Jan. 28, 1998)........................................11

*Hoblock v. Albany Cnty. Bd. of Elections*,
    422 F.3d 77 (2d Cir. 2005)........................................................................................................8

*Howard v. Klynveld Peat Marwick Goerdeler*,
    977 F. Supp. 654 (S.D.N.Y. 1997) .........................................................................................11

*In re Ferrel L. Agard*,
    444 B.R. 231 (E.D.N.Y. 2011) .................................................................................................8

*Jones v. Deutsche Bank Nat'l Trust, Co.*,
    13-cv-00293, 2013 U.S. Dist. LEXIS 30220 (E.D.N.Y. Mar. 1, 2013)..................................19

*Karamath v. United States Bank*,
    No. 11-cv-1557, 2012 U.S. Dist. LEXIS 135038 (E.D.N.Y. Aug. 29, 2012) ...................18, 19

*Kropelnicki v. Siegel*,
    290 F.3d 118 (2d Cir. 2002)...........................................................................................7, 8, 10

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992).................................................................................................................20

*Marrese v. Am. Acad. of Orthopedic Surgeons*,
    470 U.S. 373, 105 S. Ct. 1327 (1985)......................................................................................14

*Martin v. N.Y. State Dep't of Mental Hygiene*,
    588 F.2d 371 (2d Cir. 1978)......................................................................................................6

*Martin–Trigona v. Shiff*,
    702 F.2d 380 (2d Cir. 1983).....................................................................................................20

*Mayo v. GMAC Mortgage, LLC*,
    No. 08-cv-568, 2010 WL 9073441 (W.D. Mo. Mar. 1, 2010) .................................................21

*Moccio v. New York State Office of Court Admin.*,
    95 F.3d 195 (2d Cir. N.Y. 1996)...............................................................................................8

*Phillips v. Ienuso*,
    No. 93 Civ. 6027, 1995 WL 239062 (S.D.N.Y. Apr. 24, 1995)..............................................20

*Radford v. U.S. Bank Nat. Ass'n.*,
    No. CV 10-00766 LEK-KSC, 2011 WL 4054863 (D. Haw. Sept. 9, 2011) ...........................12

*Rajamin v. Deutsche Bank National Trust Company*,
    No. 13-1614, 2014 U.S. App. LEXIS 12251 (2d Cir. June 30, 2014)...............................18, 20

*Sierra v. J.P. Morgan Chase & Co.*,
    No. 13-CV-656 (JSR), 2014 WL 4081850 (S.D.N.Y. Aug. 18, 2014)....................................10

*Smith v. U.S. Bank, N.A.*,
    No. 10-cv-3077, 2011 WL 7628515 (D. Or. Oct. 26, 2011) ....................................................21

*Swiatkowski v. Citibank*,
    745 F. Supp. 3d 150 (E.D.N.Y. 2010) ................................................................................14

*Utreras v. Aegis Funding Corp.*,
    No. 13-cv-00291, 2013 U.S. Dist. LEXIS 30218 (E.D.N.Y. Mar. 1, 2013)...........................18

*Yau v. Duetsche Bank Nat. Trust Co. Americas*,
    SACV 11-00006-JVS, 2011 WL 8327957 (C.D. Cal. May 9, 2011) ......................................21

*Yeiser v. GMAC Mortgage Corp.*,
    535 F. Supp. 2d 413 (S.D.N.Y. 2008)...........................................................................6, 7, 12

**OTHER AUTHORITIES**

5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure
    § 1360, at 89 (3d ed. 2004) .................................................................................................11

Fed. R. Civ. P. 9(b) ....................................................................................................................17

Fed. R. Civ. P. 12(b)(1)..............................................................................................................1, 6

Fed. R. Civ. P. 12(b)(6)..........................................................................................................1, 6, 16

Haw. R. Civ. P. 72(b)....................................................................................................................5

U.S. Const. Art. III........................................................................................................................20

iv

Defendants Bank of America, N.A. ("BANA") s/h/a Bank of America, N.A., A/K/A

BAC Home Loans and The Bank of New York Mellon FKA Bank of New York ("BONY"), as

Trustee for the Certificateholders CWALT, Inc., Alternative Loan Trust 2005-84, Mortgage

Pass-Through Certificates, Series 2005-84 ("Trustee")[1] (collectively "Defendants") submit this

memorandum of law in support of their motion to dismiss Plaintiff's Complaint pursuant to Rule

12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Federal Rules") based on

the *Rooker-Feldman* doctrine, the prior pending action doctrine, *res judicata,* collateral estoppel

and failure to plead sufficient facts in support of a claim. As more fully set forth below,

Plaintiff's Complaint is barred and, in any event, fails to state a claim upon which relief may be

granted. Moreover, Plaintiff has redeemed the property, so the relief Plaintiff seeks is moot.

Therefore, Plaintiff's Complaint must be dismissed in its entirety with prejudice.

## **PRELIMINARY STATEMENT**

Plaintiff's Complaint alleges unsupported claims with one common goal; Plaintiff

purports to challenge the Trustee's standing to foreclose on Plaintiff's Hawaiian residential

property. However, Plaintiff's Complaint is nothing more than an improper attempt to have this

Court review the final judgment of a Hawaii state court against Plaintiff in a prior foreclosure

action. Indeed, Plaintiff defaulted in the state court foreclosure action, and Plaintiff's time to

appeal from the state court's final judgment has expired.

At best, Plaintiff's purported claims should have been asserted as affirmative defenses in

the previously-filed and concluded Hawaii state court foreclosure action between identical

---

[1] The summons names The Bank of New York Mellon ("BONY") as a party; however, BONY in its individual corporate capacity is a legally distinct entity from the Bank of New York Mellon FKA The Bank of New York, as a trustee of a residential mortgage-backed securitization trust. In any event, as established below, Plaintiff lacks standing to assert claims against BONY in any capacity other than in its trustee capacity, including in its individual corporate capacity. To the extent that any of Plaintiff's allegations are deemed to apply to BONY in any capacity other than its trustee capacity, the arguments stated herein are made on behalf of BONY in those capacities as well.

parties, relating to the same property. Such claims could have, and should have, been asserted in response to the Trustee's foreclosure complaint in the state court foreclosure action and are therefore barred by the *Rooker-Feldman* doctrine, the prior pending action doctrine, *res judicata* and collateral estoppel. Tellingly, if this Court were to grant the relief requested in the Complaint, including declaring Plaintiff's mortgage unenforceable, the Court would need to overturn the Hawaii state court's ruling that the Trustee had standing to foreclose on Plaintiff's property.

Moreover, Plaintiff's Complaint is unsubstantiated, without merit and frivolous. Specifically, the Complaint alleges three purported causes of action: (i) wrongful collection practice; (ii) quiet title; and (iii) fraud. All three of these claims challenge the Trustee's standing to foreclose on a mortgage related to Plaintiff's Hawaiian property in the previously-filed state court foreclosure action. Notably, however, Plaintiff does *not* dispute that he entered into the Note and Mortgage and owes amounts thereunder.

Plaintiff conclusorily challenges the Trustee's standing to enforce the Note and Mortgage and generally alleges fraud. However, a challenge to the Trustee's standing cannot be brought as an affirmative claim. Further, the Hawaii state court has already granted the Trustee final judgment in the state court foreclosure action, finding that the Trustee had standing to foreclose. Moreover, Plaintiff's fraud claims lack specificity. In addition, Plaintiff lacks standing to challenge any alleged defect to the transfer(s)/assignment(s) and/or endorsement of the Note and Mortgage because he was not a party or third-party beneficiary to either of said transactions. For the foregoing reasons and as discussed further below, Plaintiff's Complaint should be dismissed in its entirety with prejudice.

2

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

### Borrower's Mortgage and Note

On October 31, 2005, Glenn Skidmore ("Plaintiff" or "Borrower") obtained a mortgage loan in the amount of $237,600.00 from Countrywide Home Loans, Inc. ("Countrywide"). The loan was evidenced by a promissory note (the "Note"), executed by Borrower on the same day. (Complaint at ¶ 7.) The Note was secured by a mortgage ("Mortgage") on the property located at 75-6200 Ho'Okuku Moho Place, Kailua Kona, Hawaii (the "Property"). (*Id.*)

On September 10, 2008, Borrower executed a Quitclaim Deed, dated September 10, 2008, vesting title of the Property to Glenn Skidmore, Trustee of the Glen and Svetlana Skidmore Family Trust. (*See* Wilson Aff.[2] Ex. A; ¶3.)

On April 25, 2012, the Note and Mortgage were assigned to the Trust. (*Id.* ¶7) The Assignment of mortgage was recorded in the Bureau of Conveyances of the State of Hawaii on May 4, 2012 as Document # A-45071005. (*Id.*)

Borrower defaulted under the terms of the Mortgage.

### The Hawaii State Court Foreclosure Action

On November 1, 2013, BONY, as Trustee on behalf of the Trust, filed a foreclosure action relating to the Property against Borrower and Borrower, as Trustee of the Glen and Svetlana Skidmore Family Trust in the Third Circuit Court of the State of Hawaii, entitled *The Bank of New York Mellon FKA Bank of New York, as Trustee for the Certificateholders CWALT, Inc., Alternative Loan Trust 2005-84, Mortgage Pass-Through Certificates, Series 2005-8l v. Glenn Skidmore; Glenn Skidmore, Trustee of the Glenn and Svetlana Skidmore Family Trust Dated September 10, 2008; John Does 1-20; Jane Does 1-20; doe corporations 1-20; Doe*

---

[2] Wilson Aff. refers to the Affidavit of Karen N. Wilson-Robinson.

*Entities 1-20; and Doe Governmental Units 1-20*, Case No. CV 13-1-620K (the "Foreclosure Action"). (*See* Wilson Aff. Ex. A.)

On December 11, 2013, Borrower was served with the Foreclosure Complaint, Mediation Notice and Mediation request. (*See id.* Ex. B, Foreclosure Action Docket Nos. 4, 5.)

Borrower failed to appear or otherwise respond to the foreclosure complaint in the Foreclosure Action. (*See id.* Ex. B.)

On March 10, 2014, the Trustee filed and served a Motion for Summary Judgment for Foreclosure in the Foreclosure Action ("Summary Judgment Motion"). (*See id.* Ex. C at Docket No. 6)

Instead of opposing the Trustee's Summary Judgment Motion, while the Summary Judgment Motion was pending, on May 2, 2014, Borrower commenced this federal lawsuit by filing a Summons and Complaint, dated March 25, 2014 (the "Complaint"). (*See id.* Ex. D.) Borrower asserts three purported causes of action: (i) wrongful foreclosure; (ii) quiet title; and (iii) fraud. Borrower seeks to restore title. (*See id.*) This federal action involves identical parties to the Foreclosure Action and the same Property as the Foreclosure Action. (*Compare id.* Ex. A (Foreclosure Action Complaint) *with id.* Ex. D (federal Complaint).)

Subsequently, on June 23, 2014, the Hawaii State Court issued its Findings of Fact, Conclusions of Law and Order granting the Trustee's Motion for Summary Judgment; the Hawaii State Court ordered a final judgment of foreclosure. (*See id.* Ex. B at Foreclosure Docket No. 9). The Hawaii state court ruled that it had subject matter of the action and personal jurisdiction over the parties. (Wilson Aff. Ex. E ¶1.) Importantly, the Hawaii state court further ruled that BONY, as Trustee on behalf of the Trust, has "a valid first mortgage lien on the Property" (*id.* at ¶2), "is the holder of the Note and Mortgage and is entitled to enforce them" (*id.*

4

at ¶4) and "qualifies as the Note holder with standing to prosecute the instant action as the Note is endorsed in blank, thereby converting the Note to a bearer instrument, and because [BONY, as Trustee] is currently in rightful possession of the endorsed Note." (*Id.*)

Pursuant to Rule 72(b) of the Hawaii Rules of Civil Procedure, Borrower's time to appeal the final Judgment of Foreclosure in the Foreclosure Action expired on July 24, 2014. (Wilson Aff. ¶ 13.) Borrower failed to file an appeal in the Foreclosure Action to challenge the Trustee's standing to foreclose on the Property. (*Id.*)

### The Current Federal Action

The Trustee was not served with the Summons and Complaint in the instant federal action until August 8, 2014 – *after* a final judgment was entered in the Foreclosure Action, and the time to appeal from that judgment had expired. (Wilson Aff. ¶ 14.)

On August 29, 2014, pursuant to Rule II.A of the Rules of Practice of the Honorable Kenneth M. Karas, Defendants requested a pre-motion conference for leave to file a motion to dismiss. (*See* Wilson Aff. Ex. F.) On September 24, 2014, Plaintiff opposed Defendants' request and this Court scheduled the conference for October 29, 2014. (*Id.* Ex. G.)

On October 8, 2014, Plaintiff redeemed the subject property and reinstated his loan. (Wilson Aff. ¶ 18.)

On October 29, 2014, this Court granted Defendants' request to file the instant motion. (Wilson Aff. ¶ 19.)

As more fully detailed below, Defendant BONY, as Trustee on behalf of the Trust, now moves to dismiss the Complaint in its entirety, with prejudice.

5

## LEGAL ARGUMENT

## I. STANDARD FOR MOTION TO DISMISS

On a motion to dismiss pursuant to Federal Rule 12(b)(1) for lack of subject matter jurisdiction and Federal Rule 12(b)(6) for failure to state a claim, a court must accept as true all of the well-pleaded facts of the complaint and consider those facts in the light most favorable to the plaintiff. *Yeiser v. GMAC Mortgage Corp.*, 535 F. Supp. 2d 413, 420 (S.D.N.Y. 2008). In assessing the "legal sufficiency of a claim," the court may consider facts alleged in the complaint, "any document attached as an exhibit or incorporated by reference and matters of which judicial notice may be taken." *Id.* However, a court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929, 930 (2007).

Further, a federal court has subject matter jurisdiction over an action only when it "has the authority to adjudicate the cause pressed in the complaint." *Anctil v. Ally Financial Inc.*, --- F. Supp. 2d ---, No.12-cv-8572 (CS), 2014 WL 516686, at *2 (S.D.N.Y. Feb. 10, 2014). Indeed, a "claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Id.* When a defendant challenges jurisdiction, the plaintiff bears the burden of proof by a preponderance of the evidence to show that subject matter jurisdiction exists. *Id.*

With respect to the failure to state a claim, the Supreme Court makes clear that the "facial plausibility" pleading requirement applies to all civil suits in the federal courts. *See Twombly*, 550 U. S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929. "Bare-bones" allegations will no longer survive a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Allegations that are so conclusory that they fail to give notice of the basic events and circumstances of which plaintiff complains, are insufficient as a matter of law. *See Martin v. N.Y. State Dep't of Mental*

6

*Hygiene*, 588 F.2d 371, 372 (2d Cir. 1978). While the complaint "does not need detailed factual factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Yeiser v. GMAC Mortgage Corp.*, 535 F. Supp. 2d at 420.

Here, Borrower's Complaint should be dismissed with prejudice as a matter of law because the *Rooker-Feldman* doctrine, *res judicata* and collateral estoppel bar Borrower from challenging the Trustee's standing to collect the debt owed and/or foreclose his Mortgage. Moreover, even assuming Borrower's claims are somehow not barred by the *Rooker-Feldman* doctrine, *res judicata* or collateral estoppel, Borrower filed this action during the pendency of the Hawaii foreclosure action involving the same parties and the same Property; therefore Borrower's Complaint would also be barred by the prior pending action doctrine. However, if the Court determines that Borrower's Complaint is not barred by any of these doctrines, Borrower's Complaint fails to meet the minimum pleading standard – much less the heightened pleading standard for fraud – to survive a motion to dismiss.

## II.  THE *ROOKER-FELDMAN* DOCTRINE BARS BORROWER'S ACTION BECAUSE THE TRUSTEE SECURED A FINAL FORECLOSURE JUDGMENT AGAINST BORROWER IN STATE COURT

The *Rooker-Feldman* doctrine prevents Borrower from challenging the Trustee's right to collect the debt and/or its standing to foreclose in this federal action. The *Rooker-Feldman* doctrine bars a federal claim, which is in essence an appeal of a state-court judgment. *Anctil v. Ally Financial Inc.*, 2014 WL 516686, at *2. Under the *Rooker–Feldman* doctrine, "lower federal courts lack subject matter jurisdiction over a case if the exercise of jurisdiction over that case would result in the *reversal or modification of a state court judgment.*" *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002) (citations omitted) (emphasis added); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284–85 (2005) (federal district courts are

7

divested of subject matter jurisdiction over actions seeking appellate review of state court judgments). The *Rooker–Feldman* doctrine applies where: (1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state-court judgment; (3) the plaintiff invites the district court's review and rejection of that judgment; and (4) the state-court judgment was rendered before the district court proceedings commenced. *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).

Further, the Second Circuit has indicated that the *Rooker-Feldman* doctrine bars the federal district court's jurisdiction over claims that are "inextricably intertwined with state court determinations." *Kropelnicki*, 290 F.3d at 128. Claims are inextricably intertwined if the federal plaintiff had an opportunity to litigate a claim in a state proceeding. *Moccio v. New York State Office of Court Admin.*, 95 F.3d 195, 199 (2d Cir. N.Y. 1996). "Moreover, if adjudication of a claim in federal court would require the court to determine that a state court judgment was erroneously entered or was void, the claim is inextricably intertwined with the merits of the state court judgment." *Kropelnicki v. Siegel*, 290 F.3d at 129. Notably, the doctrine applies to claims that were litigated in state court, as well as claims that *could have been* litigated there. *See Moccio*, 95 F.3d at 199. Additionally, the *Rooker-Feldman* doctrine applies even if the final judgment of the state court was a default judgment. *See In re Ferrel L. Agard*, 444 B.R. 231 (E.D.N.Y. 2011).

Furthermore, "[c]ourts in this Circuit have consistently held that a plaintiff who lost possession of his home in a state court foreclosure proceeding is barred by the *Rooker-Feldman* doctrine from attacking the state court judgment in federal district court." *Castellano v. JPMorgan Chase Bank, N.A.*, No. 13-CV-03390 (NSR), 2014 WL 988563, at *3 (S.D.N.Y. Mar.

8

13, 2014); *Gunn v. Ambac Assur. Corp.*, No. 11 CIV. 5497 PAC JLC, 2012 WL 3188849, at *2 (S.D.N.Y. Aug. 6, 2012).

Here, Borrower chose not to appear and defaulted in the state court Foreclosure Action. (*See* Wilson Aff. Ex. B.). Borrower could have challenged the ownership of the Note and Mortgage and the Trustee's standing in the state court foreclosure action between the same parties involving the same Property, but he failed to do so. In fact, it appears that Borrower planned for months to lodge a federal challenge to the anticipated state court judgment based on the timing of his federal Complaint:

- The federal Complaint is dated March 25, 2014 – two weeks *after* the Trustee filed its Motion for Summary Judgment in the Foreclosure Action.

- Yet, the Complaint was not filed until May 2, 2014 – three days *prior to* the scheduled hearing on the Trustee's Summary Judgment Motion in the Foreclosure Action.

- Ultimately, the federal Complaint was not served on the Trustee until August 8, 2014 – *after* (i) a final judgment was entered in the Foreclosure Action; and (ii) Borrower's time to appeal from that final judgment had expired.

Thus, it appears that this New York federal action was commenced as an attempt to circumvent and possibly overturn the anticipated judgment in the Foreclosure Action in which Borrower chose to default.

Even though Borrower technically commenced this federal action prior to the state court issuing its judgment in the Foreclosure Action, the *Rooker-Feldman* doctrine should nevertheless apply. As discussed above, based on the timeline regarding Borrower's Complaint, it appears that Borrower's filing was strategic in an effort to avoid the consequences of *Rooker-Feldman*. However, the allegations in Borrower's federal Complaint are all predicated on the Trustee obtaining a judgment of foreclosure in the Foreclosure Action. Tellingly, Borrower's requested relief includes a judgment, *inter alia*, quieting title, returning possession of the property to

9

Borrower and "[e]xpunging the debt obligations and instruments asserted by [the Trustee] against [Borrower's] subject property from the record." (*See* Wilson Aff. Ex. D (Complaint) at Prayer for Relief.) Importantly, however, the Hawaii state court judgment already ruled that BONY, as Trustee on behalf of the Trust, has "a valid first mortgage lien on the Property" (*id.* Ex. E (Findings of Fact, Conclusions of Law and Order at ¶2), "is the holder of the Note and Mortgage and is entitled to enforce them (*id.* at ¶4) and "qualifies as the Note holder with standing to prosecute the instant action as the Note is endorsed in blank, thereby converting the Note to a bearer instrument, and because [BONY, as Trustee] is currently in rightful possession of the endorsed Note." (*Id.*)

Consequently, Borrower's requested relief would require this Court to open up the state court's final judgment and reverse the state court's findings of fact and conclusions of law. Such a reversal of the state court judgment by this Court is prohibited by the *Rooker-Feldman* doctrine. *See Kropelnicki*, 290 F.3d at 128. Thus, Borrower's Complaint effectively asserts injuries based on the state court foreclosure judgment and seeks review and reversal of that judgment, which he knew was imminent – precisely the very circumstance barred by *Rooker-Feldman*. *See Sierra v. J.P. Morgan Chase & Co.*, No. 13-CV-656 (JSR), 2014 WL 4081850, at \*1 (S.D.N.Y. Aug. 18, 2014). Accordingly, this Court should grant Defendants' motion to dismiss as a matter of law and dismiss Borrower's Complaint with prejudice.

## III. BORROWER'S FEDERAL COMPLAINT SHOULD BE DISMISSED BASED ON THE PRIOR PENDING ACTION DOCTRINE

Even if this Court finds that the *Rooker-Feldman* doctrine is inapplicable, it is proper for the Court to dismiss an action under the prior pending action doctrine, where a second, duplicative proceeding is filed while the first proceeding is still pending. The Court's well-established discretion to stay or dismiss a duplicative proceeding is derived from its general

10

power to administer its docket. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000); *Adam v. Jacobs*, 950 F.2d 89, 90 (2d Cir. 1991).

In general, a suit is duplicative if "the claims, parties and available relief do not significantly differ between the two actions." *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 664 (S.D.N.Y. 1997) (dismissing a second duplicative suit in favor of a prior pending action where plaintiff's claims in the two actions were "virtually identical" and arose out of the same employment relationship). Where duplicative or competing lawsuits have been filed, "the first suit should have priority, absent the showing of balance of convenience . . . or . . . special circumstances . . . giving priority to the second." *First City Nat'l Bank and Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) (citations omitted). The Court will therefore dismiss an action where the complaint in that action is "essentially identical" to the complaint in another pending case previously filed, against the same defendant, and concerning the same general dispute. *Gyadu v. Hartford Ins. Co.*, No. 97-7720, 1998 U.S. App. LEXIS 1230, at *2-3 (2d Cir. Jan. 28, 1998); *see also* 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1360, at 89 (3d ed. 2004) (motions to dismiss granted under the prior pending action doctrine "provided that an identity of issues exists and the controlling issues in the dismissed action will be determined in the other lawsuit").

Here, the Foreclosure Action was filed prior to the current federal action, and the Hawaii state court issued a final judgment on June 23, 2014. The Trustee was not served with the Complaint in the federal action until August 8, 2014. The Foreclosure Action is virtually identical to the current Complaint. Indeed, the Foreclosure Action and the federal action involve: (i) the same parties; (ii) the same Hawaiian Property; and (iii) the same loan.

11

Further, Borrower had the opportunity to seek the same redress as affirmative defenses or counterclaims in the Foreclosure Action. In fact, as discussed above, the Trustee moved for summary judgment on March 10, 2014 in the Foreclosure Action. (*See* Wilson Aff. Ex. C.) Borrower's Complaint is dated March 25, 2014 and even references the then pending Foreclosure Action. (Wilson Aff. Ex. D at ¶¶ 5, 22) Accordingly, Borrower admits that he had notice of the Foreclosure Action but voluntarily chose to default, never took any steps to attempt to challenge state court judgment and instead ran to this Court in an attempt to circumvent the state court proceedings. Thus, this Court should dismiss the current action under the prior pending action doctrine since the Hawaii Foreclosure Action was pending when Borrower filed his federal Complaint.

## IV. *RES JUDICATA* BARS THE COMPLAINT BECAUSE THE TRUSTEE SECURED A FINAL FORECLOSURE JUDGMENT AGAINST BORROWER IN STATE COURT

*Res judicata* also prevents Borrower from challenging the ownership of the Note and Mortgage and the Trustee's standing to foreclose. Under *res judicata*, federal courts look to state law to determine the effect of state court judgments. *Yeiser v. GMAC Mortgage Corp.*, 535 F. Supp. 2d at 421. The Full Faith and Credit Clause of the Constitution requires federal courts to give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered. *Board of Managers of 195 Hudson Street Condominiums v. Brown*, 652 F. Supp. 2d 463, 470 (S.D.N.Y. 2009).

Because the final judgment at issue was rendered in Hawaii state court, Hawaii law applies. *See Radford v. U.S. Bank Nat. Ass'n.*, No. CV 10-00766 LEK-KSC, 2011 WL 4054863, at *7 (D. Haw. Sept. 9, 2011). Hawaii courts "use the term 'claim preclusion' instead of *res judicta*." *Id.* Under Hawaii law, "claim preclusion prevents a party from relitigating 'not only . . . issues which were actually litigated in [a prior] action, but also . . . all grounds of claim and

12

defense which might have been properly litigated in the [prior] action.'" *Id.* (alterations in original) (internal citations omitted). Claim preclusion applies where "(1) there is a final judgment on the merits, (2) both parties are the same or in privity with the parties in the original suit, and, (3) the claim decided in the original suit is identical with the one presented in the action in question." *Id.* (citations and internal quotations omitted).

Further, Hawaii state courts take a transactional approach to *res judicata* or claim preclusion:

> To determine whether a litigant is asserting the same claim in a second action, the court must look to whether the 'claim' asserted in the second action arises out of the same transaction, or series of connected transactions, as the 'claim' asserted in the first action. . . . That is, claims arising out of the same transaction "constitute the same 'claims' for [claim preclusion] purposes.". . . *Moreover, claim preclusion "applies if the issues 'could have been raised in the earlier state court actions.'"*

*Id.* at *9 (internal citations omitted) (emphasis added).

Here, Borrower's claims are precluded because all the requirements for claim preclusion are satisfied. First, as discussed above, the Hawaii State court issued a final judgment on the merits in the Foreclosure Action. (*See* Wilson Aff. Ex. E.) Second, the parties to the federal action are the same or are in privity with the parties in the original state court Foreclosure Action. Third, Borrower is clearly seeking relief in federal court based on the same series of transactions involved in the Foreclosure Action. While Borrower has alleged fraud, wrongful foreclosure and wrongful collection in this action, Borrower's allegations in the Complaint rely on the same facts and the same Mortgage and Note that formed the basis of the prior Foreclosure Action.

Indeed, Borrower could have – and should have – raised the purported claims he now asserts in this Complaint in the Hawaii Foreclosure Action, but he failed to do so. As such, claim preclusion bars Borrower from challenging the ownership of his Mortgage and the

13

Trustee's authority to collect the debt and/or foreclose based on the allegations of the federal Complaint or any other grounds; those challenges could have been raised as part of the prior Foreclosure Action. Accordingly, this Court should grant Defendants' motion to dismiss as a matter of law and dismiss Borrower's Complaint with prejudice.

## V.     COLLATERAL ESTOPPEL ALSO BARS THE BORROWER'S COMPLAINT

Borrower's Complaint is also barred by the doctrine of collateral estoppel, which precludes the relitigation of an issue of fact that has been determined by a valid and final judgment between the same parties in any future lawsuit. *Swiatkowski v. Citibank*, 745 F. Supp. 3d 150, 168 (E.D.N.Y. 2010). Further, the purpose of the doctrine is to "protect[] litigants from the burden of relitigating an identical issue with the same party or his privy and . . . promot[e] judicial economy by preventing needless litigation." *Id.* To determine if collateral estoppel or issue preclusion bars Borrower's Complaint, this Court should apply the law of the state that rendered the final judgment in the Foreclosure Action. *See Marrese v. Am. Acad. of Orthopedic Surgeons*, 470 U.S. 373, 380, 381-82, 105 S. Ct. 1327, 1332-33 (1985). Thus, Hawaii law applies.

Under Hawaii law, collateral estoppel applies where (1) the issue decided in the prior adjudication is identical to the one presented in the action in question; (2) there is a final judgment on the merits; (3) the issue decided in the prior adjudication was essential to the final judgment; and (4) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication. *Dorrance v. Lee*, 90 Haw. 143, 149, 976 P.2d 904, 910 (1999).

Collateral estoppel bars the Complaint because all four elements are satisfied. First, the issues raised in the Complaint are identical to the issues previously presented and decided in the Hawaii Foreclosure Action. Indeed, the gravamen of Plaintiff's claims is the issue of

14

Defendants' standing to foreclose on the Property. As discussed above, the Hawaii state court concluded that the Trustee had a valid lien on the Property, "is the holder of the Note and Mortgage and is entitled to enforce them" and "qualifies as the Note holder with standing to prosecute the [Foreclosure Action] as the Note is endorsed in blank, thereby converting the Note to a bearer instrument, and because [BONY, as Trustee] is currently in rightful possession of the endorsed Note." (*See* Wilson Aff. Ex. E ¶¶ 2, 4.) Thus, the Hawaii state court considered the issue of the Trustee's standing in connection with the Trustee's Summary Judgment Motion in the Foreclosure Action and found in favor of the Trustee.

Second, the Hawaii state court ordered that the order on the Summary Judgment Motion be entered as a final judgment. (*See* Wilson Aff. Ex. E, p. 6.) Third, the issue of standing is essential to determine a mortgagee's right to foreclose and as discussed above, the Hawaii state court found that the Trustee had standing to prosecute the Foreclosure Action. *(See* Wilson Aff. Ex. E ¶¶ 2, 4.) Therefore, the adjudication of the standing issue was essential to the final judgment.

Fourth, both the Foreclosure Action and this action involves (i) the same parties; (ii) the same loan; and (iii) the same Hawaiian Property. In addition, Plaintiff, with full knowledge of the Foreclosure Action (*see* Complaint [3] ¶¶ 5, 22, 23), elected to default in that action and instead, filed this federal action; Plaintiff had a full and fair opportunity to litigate these issues in the Hawaii Foreclosure Action and declined to do so. Importantly, Plaintiff cannot dispute that he was properly served in the Foreclosure Action and was afforded the opportunity to assert affirmative defenses but failed to answer the complaint, oppose the Summary Judgment Motion

---

[3] Notably, the Complaint is dated March 25, 2014 – 15 days after the Trustee filed its Summary Judgment Motion in the Foreclosure Action. The Complaint was subsequently filed on May 2, 2014 - 3 days prior to the hearing on the Summary Judgment Motion.

or appeal the final judgment of foreclosure. All the issues raised in Plaintiff's Complaint could have been raised in the prior Foreclosure Action. Accordingly, this Complaint is barred by the doctrine of collateral estoppel and must be dismissed with prejudice.

## VI. THE COMPLAINT SHOULD BE DISMISSED AS IT FAILS TO STATE A CLAIM

To survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 n.3 (2007). A complaint that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. And, "[w]hile legal conclusions can provide the framework of a complaint; they must be supported by factual allegations." *Iqbal,* 556 U.S. at 679. Thus, a court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Twombly,* 550 U.S. at 555.

Dismissal of a complaint is appropriate if the plaintiff has failed to offer factual allegations sufficient to render the asserted claim plausible on its face. *See Iqbal,* 556 U.S. at 678. To state a facially-plausible claim, a plaintiff must plead the "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In short, the complaint must demonstrate that the pleader is entitled to relief by presenting factual allegations that move the claims beyond a *possible* entitlement to relief, to a *plausible* entitlement to relief. *See Iqbal,* 556 U.S. at 679.

In addition, where there are allegations of fraud, Federal Rule 9(b) imposes a heightened pleading standard. Fraud claims must "state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). To satisfy this heightened standard, "plaintiffs must allege facts that give rise to a strong inference of fraudulent intent." *Acito v. IMCERA Grp., Inc.,* 47 F.3d 47,

16

52 (2d Cir. 1995). The complaint must (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Cohen v. Avanade, Inc.*, 874 F. Supp. 2d 315, 320 (S.D.N.Y. 2012). Failure to satisfy the Rule 9(b) standard is grounds for dismissal. *Id.* at 320.

Here, the Complaint fails to even meet the minimal standard for pleadings, much less the heightened requirement to allege fraud, and must be dismissed with prejudice. For instance, Borrower conclusorily alleges that "Defendants have no rights to enforce collection on the Note or the Mortgage" (Compl. ¶34) and that "title was never vested in Defendant Bank of New York or the Trust, who claims to have ownership and has initiated such an action in Hawaii." (Compl. ¶36.) None of the allegations in the preceding paragraphs of the Complaint factually support such claims. In fact, the Complaint is devoid of any particular facts to support Borrower's claims.

With respect to Borrower's purported fraud claim, the Complaint contains nothing more than vague, conclusory allegations claiming that the "interest rate is unpredictable, not with the Truth in Lending Disclosure, and not in compliance with Lending regulation or practice," and "Defendants misled plaintiff by failing to provide information of the Note and Mortgage." (Wilson Aff. Ex. ¶¶38, 40.) Borrower fails to even point to any particular regulation or provision that he claims was violated and fails to allege any facts regarding how he was misled and how or why any alleged failure to provide information regarding the Note and Mortgage is fraudulent. These failures are fatal to Borrower's claims.

## A. Borrower Lacks Standing to Challenge the Transfer of the Note and Mortgage to the Trust

Furthermore, Borrower does not have standing to challenge the assignment and/or transfer of the Note and Mortgage to the Trust. While Borrower has named "Bank of New York

17

Mellon" as a defendant in the Summons and "The Bank of New York, Trustee, CWALT Alternative Loan Trust 2005-84" as a defendant in the Complaint, the proper party to this action is The Bank of New York Mellon FKA Bank of New York, as Trustee for the Certificateholders CWALT, Inc., Alternative Loan Trust 2005-84, Mortgage Pass-Through Certificates, Series 2005-84 – a securitized trust. Under New York law, a borrower, such as Plaintiff, is a non-party to a trust agreement and therefore lacks standing to assert non-compliance with the agreement as a claim or defense unless the "non-party is an intended third party beneficiary." *Rajamin v. Deutsche Bank National Trust Company*, No. 13-1614, 2014 U.S. App. LEXIS 12251, at *12 (2d Cir. June 30, 2014). "[O]nly the intended beneficiary of a trust may enforce the terms of the trust." *Id.* at *22; *Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 425 n.10 (S.D.N.Y. 2010) (noting plaintiff's failure to allege facts to support beneficiary status); *Karamath v. United States Bank*, No. 11-cv-1557, 2012 U.S. Dist. LEXIS 135038, at *24 (E.D.N.Y. Aug. 29, 2012) (holding that plaintiff is not a party to the PSA or the Assignment of Mortgage and is not a third-party beneficiary of either and therefore has no standing to challenge the validity of either the agreement or assignment).

Here, Borrower is not a party to the trust agreement or any assignments of mortgage referenced in his Complaint. In addition, Borrower fails to assert any facts demonstrating that he is an intended third-party beneficiary of the Trust or any assignments of mortgage. Thus, Borrower fails to state a claim.

**B.      Borrower's Purported Affirmative Claims to Challenge Defendants' Standing Are Not Legally Cognizable**

At most, Borrower's challenges to the Trustee's standing to foreclose should have been asserted as affirmative defenses in the Foreclosure Action. *Utreras v. Aegis Funding Corp.*, No. 13-cv-00291, 2013 U.S. Dist. LEXIS 30218 (E.D.N.Y. Mar. 1, 2013). It is well-settled that

18

standing is not an affirmative claim and should be asserted as an affirmative defense. *See, e.g.*, *Jones v. Deutsche Bank Nat'l Trust, Co.*, 13-cv-00293, 2013 U.S. Dist. LEXIS 30220 (E.D.N.Y. Mar. 1, 2013) (holding standing is an affirmative defense and not a substantive claim for relief that can be granted); *Karamath v. United States Bank*, No. 11-cv-1557, 2012 U.S. Dist. LEXIS 135038, at *23-24 (E.D.N.Y. Aug. 29, 2012) (plaintiff may only challenge defendants' standing upon the commencement of a foreclosure action by defendants against plaintiff).

A claim for quiet title requires a plaintiff to allege "the existence of a removable 'cloud' on the property, which is an apparent title, such as in a deed or other instrument, that is actually invalid or inoperative." *See Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 418 (S.D.N.Y. 2010).

Simply put, Borrower has offered no facts or legal theory to support his request to declare the Mortgage unenforceable, and, as discussed *supra*, the Hawaii state court has already ruled that the Trust holds a valid first mortgage and that the Trustee has standing to foreclose on Borrower's Property. The Court is not bound to accept as true the boilerplate legal conclusions of Borrower's Complaint when reviewing it pursuant to a motion to dismiss. Accordingly, the Complaint should be dismissed in its entirety with prejudice for failure to state a claim.

19

### C. Borrower's Claims Are Moot Because He Has Redeemed the Property

Plaintiff has redeemed the Property since filing the Complaint, so the relief he seeks is moot. An actual case or controversy must exist at all stages of federal court proceedings to support subject matter jurisdiction. *See* U.S. Const. Art. III. The mootness doctrine is derived from the constitutional requirement that federal courts may only review live cases or controversies. *See Phillips v. Ienuso*, No. 93 Civ. 6027, 1995 WL 239062, at *1 (S.D.N.Y. Apr. 24, 1995). "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Martin–Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983).

Here, Plaintiff seeks to "quiet title" and to have the property returned to him. Since Plaintiff has exercised his right to redeem the Property post-foreclosure and the Property was not sold, this Court cannot direct the Defendants to return property that Plaintiff already possesses. Accordingly, the relief Plaintiff seeks is moot and the Complaint must be dismissed in its entirety.

## VII. BORROWER LACKS STANDING TO BRING CLAIMS AGAINST BONY IN ANY CAPACITY OTHER THAN ITS TRUSTEE CAPACITY

To the extent Plaintiff is attempting to assert claims against BONY in its individual capacity, instead of in its capacity as Trustee, Plaintiff lacks standing to do so, and any such claim should be dismissed. Plaintiff bears the burden of establishing standing. *Rajamin*, No. 13-1614, 2014 U.S. App. Lexis 12251, at *13. To do so, a plaintiff must allege that: (1) he has suffered an injury in fact; (2) the injury is fairly traceable to the challenged conduct of the defendant; and (3) the injury can be redressed by a favorable decision of the court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

Plaintiff cannot establish that it meets this requirement because Plaintiff does not, and cannot, allege that BONY, acting in its *individual* capacity, had any connection whatsoever to

20

Plaintiff, or even allegedly caused Plaintiff any harm or that any alleged injury that Plaintiff suffered is traceable to BONY in its individual capacity.

The Trustee's sole connections to Plaintiff is in its capacities as Trustee for the Trust that Plaintiff alleges held Plaintiff's Mortgage Loan after securitization. Thus, to the extent that Plaintiff attempts to assert claims against BONY or BONY in any capacity other than its Trustee capacity, including in its individual capacity, Plaintiff lacks standing to do so, and his claims should be dismissed. *City of Cincinnati v. Deutsche Bank Nat'l Trust Co.*, 897 F. Supp. 2d 633, 638-39 (S.D. Ohio 2012) (plaintiffs lacked standing to sue the trustee in its individual capacity because allegations related to conduct of the trustee solely in its trustee capacity); *Smith v. U.S. Bank, N.A.*, No. 10-cv-3077, 2011 WL 7628515, at *6 (D. Or. Oct. 26, 2011), *adopted*, 2012 WL 1029364 (D. Or. Mar. 26, 2012); *Yau v. Duetsche Bank Nat. Trust Co. Americas*, SACV 11-00006-JVS, 2011 WL 8327957, at *3 (C.D. Cal. May 9, 2011) (same); *see also Mayo v. GMAC Mortgage, LLC*, No. 08-cv-568, 2010 WL 9073441, at *2-3 (W.D. Mo. Mar. 1, 2010) (same); *Briscoe v. Deutsche Bank Nat'l Trust Co.*, No. 08-cv-279, 2008 WL 4852977, at *5 (N.D. Ill. Nov. 7, 2008) (same).

## VIII. OTHER COURTS IN THIS DISTRICT HAVE CONSISTENTLY DISMISSED SIMILAR ACTIONS BY BORROWER'S COUNSEL

Based on a docket search, Plaintiff's counsel has commenced at least four other actions in the Southern District of New York with similar allegations as those claimed in this action. To date, none of the cases have been decided in the Plaintiff's counsel's favor. For example, in *Williams v. GMAC Mortgage Inc., et. al.*, 1:13-CV-04315, filed on June 20, 2013, Plaintiff's counsel brought an action regarding a foreclosed Michigan property, alleging "quiet title," fraud, wrongful indebtedness, wrongful collection on a mortgage, slander of title, slander of credit and

21

unjust enrichment. (See Wilson Aff. Ex. J; Complaint Docket No. 3.) Plaintiff there sought a

judgment:

(a) Quieting title against Defendants;
(b) Expunging the debt obligations and instrument asserted by Defendants
    against Plaintiff's subject property from the record;
(c) Granting damages to Plaintiff for defendants' fraud;
(d) Granting Damages to Plaintiffs for Defendants (sic) unjust enrichment;
(e) Granting punitive damages to Plaintiffs for Defendants (sic) unjust
    enrichment
(f) Granting attorney's fees to Plaintiff.

(*See id.*) In his Order dismissing the *Williams* complaint, the Court educated Plaintiff's counsel

regarding the standard for pleading fraud in the Southern District of New York and pointed out

counsel's failure to plead fraud with the requisite specificity. (*See* Wilson Aff. Ex. K; Docket

No. 21.) In addition, Judge Oetken explained that a "quiet title action between private parties is

a state law claim" and applied Michigan law pursuant to choice of law principles. (*See* Wilson

Aff. Ex. K.) Because the *Williams* plaintiff could not "quiet title under Michigan law," Judge

Oetken granted the defendants' motion to dismiss that complaint in its entirety. *Id.*

Here, Plaintiff ran into New York federal court to bring claims that he asserts cannot be

litigated under Hawaii law. However, Hawaii state law would still be applicable to Plaintiff's

claims. Further, as discussed above, Plaintiff had a full and fair opportunity to litigate his

purported claims in Hawaii, but he voluntarily chose to ignore the Hawaii Foreclosure Action in

favor of attempting to seek relief in New York.

Similarly, two of Plaintiff's counsel's other cases were transferred back to the states in

which the properties at issue were located:

• *Russell v. Wells Fargo Bank, N.A.*, 1:12-CV-08893-AKH, filed December 7, 2012. The
  complaint sought to "quiet title." The Court transferred the case to the Northern District
  of Georgia, Atlanta Division, because the situs of the alleged affected property was in
  Cherokee, Georgia. (*See* Wilson Aff. Exs. H, I.)

22

- *Fransway v. BAC Home Loan Servicing, LLP*, 1:13:CV-05393-AT, filed August 1, 2013. The complaint sought to quiet title, expunge that plaintiff's debt and damages for unjust enrichment, fraud and attorney's fees. The Court transferred the action to the Western District of Wisconsin – a "much more suitable venue for consideration of this lawsuit than the Southern District of New York." (*See id.* Exs. L, M.)

Lastly, the fourth case commenced by Plaintiff's counsel, entitled, *Skidmore v. Wells Fargo Bank, N.A.*, *et. al.*, 7:14-cv-03220-NSR (*see id.* Ex. N) involves a complaint that appears to be a carbon copy of the Complaint in this case, including the erroneous allegation that "[v]enue is proper because Defendant **SLS** does business in this State." (*See* Wilson Aff. Ex. O; Complaint ¶6.) (emphasis added). That action was also filed in the Southern District of New York on the same date as this case – May 2, 2014. (*See* Complaint Docket No. 1.) The outcome of that case is to be determined, as it appears that service may not be complete, and issue has not been joined to date. (*See* Wilson Aff. Ex. N.)

Based on these filings, Plaintiff's counsel has a pattern and practice of commencing actions in federal court related to properties that have already been foreclosed in state court. It appears that Plaintiff's counsel elects to ignore the rulings and directives of the Southern District courts and persists in filing these actions to circumvent state court foreclosure judgments for properties situated outside of New York and continues to waste this District's judicial resources. Accordingly, this action must be dismissed in its entirety as improper. Alternatively, even if this Court were to deny Defendants' motion to dismiss, the proper venue for Plaintiff's purported claims is the state in which the Property is located – Hawaii.

## CONCLUSION

Because the *Rooker-Feldman* doctrine, the prior pending action doctrine, *res judicata* and collateral estoppel bar Plaintiff's claims against Defendants, this Court should grant Defendants' motion to dismiss with prejudice. Alternatively, even if the Court finds that these doctrines are inapplicable, Plaintiff's claims nevertheless fail to state a cause of action. Further, since Plaintiff

23

has redeemed the Property, the relief he seeks is moot. For all the foregoing reasons, Defendants

respectfully request that this Court dismiss the Complaint with prejudice and grant other and

further relief as the Court deems just and proper.

Dated: November 21, 2014
New York, New York

Respectfully submitted,

**BLANK ROME LLP**

By: _Karen Wilson Robinson_

Karen N. Wilson-Robinson
Diana M. Eng
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Telephone: (212) 885-5000
*Attorneys for Defendants*
*Bank of America, N.A. s/h/a Bank of*
*America, N.A., A/K/A BAC Home Loans*
*and The Bank of New York Mellon FKA*
*Bank of New York, solely in its capacity*
*as Trustee for the Certificateholders*
*CWALT, Inc., Alternative Loan Trust*
*2005-84, Mortgage Pass-Through*
*Certificates, Series 2005-84 s/h/a The*
*Bank of New York, Trustee, CWALT*
*Alternative Loan Trust 2005-84*

143262.00620/7460376v.1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------ X

GLENN SKIDMORE,

                        Plaintiff,      **14-CV-3238 (KMK)**

        -against-

BANK OF AMERICA, N.A., A/K/A BAC HOME
LOANS, THE BANK OF NEW YORK, TRUSTEE,
CWALT ALTERNATIVE LOAN TRUST 2005-84,      **AFFIDAVIT OF SERVICE**

                       Defendants.

------------------------------ X

**STATE OF NEW YORK**   )
                   ) ss.:
**COUNTY OF NEW YORK )**

       **Marta Castaneda,** being duly sworn, deposes and says:

       I am over 18 years of age, not a party to this action and am employed at Blank
Rome, LLP, 405 Lexington Avenue, New York, New York 10174.

       On November 21, 2014, I served a copy of the **MEMORANDUM OF LAW IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS** by mail using a postage-paid
envelope for that purpose and depositing same with the United States Postal Service upon the
following person(s):

David M. Schlachter, Esq.
Law Offices of David M. Schlachter, LLC
8 Carefree Lane
Suffern, New York 10901

                           _Marta Castaneda_
                            Marta Castaneda

Sworn to before me this ____
day of November, 2014

_____
Notary Public

MARJORIE A. ROSEN
Notary Public, State of New York
No. 4654195
Qualified in New York County
Commission Expires May 31, 20__

143262.00620/7460510v.1